IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>MARCO M. PRUNEDA,<br><br>              Defendant. | 4:06-CR-3016<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the defendant Marco M. Pruneda's *pro se* "Affidavit for Entry of Default Judgment" (filing 252). Following a jury trial before Senior District Judge Warren K. Urbom, Pruneda and his co-defendant were convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and possession and use of a short-barreled shotgun in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). Pruneda was sentenced to a total of 280 months' imprisonment on both counts. Pruneda appealed, and on February 8, 2008, the United States Court of Appeals for the Eighth Circuit affirmed his conviction. Filing 148; *United States v. Pruneda,* 518 F.3d 597 (8th Cir. 2008).

### I. The Court Will Construe Pruneda's Filing as a § 2255 Motion

      Pruneda has styled his motion in a confusing manner. He has labeled it a motion for "default judgment," which is odd, considering that he has not filed any previous motion to which the government has failed to respond. And although he mailed the motion to this District Court, he has addressed the motion itself to the United States Court of Appeals for the Eighth Circuit.

      The substance of Pruneda's motion, however, falls comfortably within the scope of a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Pruneda asserts that his trial counsel was constitutionally ineffective in a variety of ways, and asks that his conviction be reversed or that he be resentenced. Any motion that is filed in the district court that imposed the defendant's sentence, and which is substantively within the scope of § 2255(a) "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original). Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that theسentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The relief Pruneda seeks falls within the scope of § 2255.[1] Therefore, the Court will construe Pruneda's filing as a motion brought under § 2255, unless the Court hears otherwise from Pruneda.

Before the Court may treat Pruneda's request for relief as a § 2255 motion, two conditions must be satisfied. First, the Court must warn Pruneda of the consequences of treating his request as a § 2255 motion. Second, the Court must give him an opportunity to avoid these consequences. *Castro v. United States,* 540 U.S. 375, 382–83 (2003).

## II. Advisement Regarding § 2255 Motions

Pruneda is warned: federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. *See* 28 U.S.C. § 2255(h).[2] So, Pruneda must do his utmost to include all of his claims for postconviction relief in a single motion. If Pruneda has additional grounds for relief he wishes to assert, he may wish to consider amending his current request to include those claims. Otherwise, he runs the risk of forfeiting his other claims.[3] Therefore, the Court will grant Pruneda leave to amend or withdraw the present motion. So, Pruneda has three options:

1. If Pruneda wishes the Court to rule on his current request for relief <u>as submitted</u>, and construed as a § 2255 motion,

---

[1] That is not to say that Pruneda has raised valid grounds for relief under § 2255, nor that his motion is timely.

[2] A second or successive § 2255 motion must be certified, as provided in 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to contain either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. § 2255(h).

[3] Again, however, the Court is not implying that Pruneda's existing motion is timely. Nor is the Court implying that any remaining claims are not barred by procedural default.

he shall notify the Court on or before **July 10, 2014**. If Pruneda does not respond to this order by July 10, 2014, he will be deemed to have consented to having the present motion treated as a § 2255 motion, and the Court will rule on it as currently submitted.

2. Pruneda may <u>withdraw</u> his current motion. If Pruneda wishes to withdraw his current motion, he must inform the Court on or before **July 10, 2014**. If the present motion is withdrawn, Pruneda may assert a new § 2255 motion within the otherwise applicable statute of limitations. *See* § 2255(f). If Pruneda later files a new § 2255 motion, he is directed to use the standard § 2255 form. The Clerk will provide Pruneda with a copy of this form.

3. Pruneda may <u>amend</u> his current motion. He may amend his current claim for relief, and may also add new claims for relief. If Pruneda chooses to amend his motion, he must file an amended § 2255 motion on or before **July 10, 2014**. Pruneda may amend his motion by simply amending his brief as submitted or by using the § 2255 motion form (or by using a combination of the two). The Clerk will provide Pruneda with a copy of this form.

THEREFORE, IT IS ORDERED:

1. As stated above, on or before July 10, 2014, Pruneda shall either:

   a. inform the Court that he wishes to proceed with his motion as submitted, and construed as a § 2255 motion;

   b. withdraw the current motion; or

   c. submit an amended motion.

   If Pruneda does not respond, he will be deemed to have consented to having the present filing treated as a § 2255 motion, and the Court will rule on it as currently submitted.

2. The Clerk of the Court is directed to send a copy of this order and a § 2255 motion form to Pruneda at his address of record; and

3. The Clerk of the Court is directed to set a case management deadline with the following text: July 10, 2014: Check for Pruneda's response regarding conversion to § 2255.

Dated this 10th day of June, 2014.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge