IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:06CR3016 |
| vs. | |
| MARCO M. PRUNEDA, | MEMORANDUM AND ORDER |
| Defendant. | |

Following a jury trial before Senior District Judge Warren K. Urbom, Pruneda and his co-defendant were convicted of conspiracy to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1) and 846, and possession and use of a short-barreled shotgun in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Pruneda was sentenced to a total of 280 months' imprisonment on both counts. Pruneda appealed, and on February 8, 2008, the United States Court of Appeals for the Eighth Circuit affirmed his conviction. Filing 148; *United States v. Pruneda,* 518 F.3d 597 (8th Cir. 2008).

This matter is before the court on Pruneda's *pro se* motion for miscellaneous relief. Filing 252. The Court previously construed Pruneda's filing as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, and gave Pruneda the opportunity to withdraw or amend his motion. *See*, filing 253; *Castro v. United States,* 540 U.S. 375, 382–83 (2003); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Pruneda responded by filing an amended § 2255 motion (filing 254), which the Court will construe as supplementing, rather than replacing, his original motion. The motion is now ripe for initial review.

## I. STANDARD OF REVIEW

The Court's initial review is governed by Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010); 28 U.S.C. § 2255(b). Accordingly, a petition may be summarily dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906. Upon its initial review, the Court finds that the files and records conclusively establish that Pruneda's claims are without merit and that his motion should be denied.

## II. ANALYSIS

Before turning to the substance of Pruneda's claims, the Court notes that the time to file a motion under § 2255 has long since expired. A § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Eighth Circuit affirmed Pruneda's conviction on February 8, 2008. The deadline for Pruneda to file a petition for writ of certiorari was May 8, 2008. S. Ct. R. 13 & 29.2. Pruneda did not file a petition, and so his conviction became final on May 8, 2008. Thus, the 1-year period in this case expired on May 8, 2009, *see, United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003), and Pruneda's motion is nearly 5 years late.

The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States*, 173 F.3d 1131, 1134–35 (8th Cir. 1999), and may be equitably tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing. *Martin*, 408 F.3d at 1093. Equitable tolling will only apply where the petitioner has demonstrated diligence in pursuing the matter. *Id.* at 1095. Pruneda has not alleged extraordinary circumstances, nor has he demonstrated diligence in bringing his motion nearly 5 years after the limitations period expired.

The Court is permitted, but not required, to *sua sponte* consider the timeliness of a § 2255 petition. *See Day v. McDonough*, 547 U.S. 198 (2006).[1] Before dismissing a petition, however, the Court must afford the parties fair notice and an opportunity to be heard. *Id.* And the Court finds that Pruneda has already received notice that any § 2255 motion is extremely untimely. In June 2012, Pruneda filed a "Formal Request to File a 28 U.S.C. § 2255 Motion." Filing 249. The Court denied this request—even in 2012, the time to file a § 2255 motion had long since passed. The Court further found that Pruneda had not alleged any circumstances that would toll the statute of limitations. Filing 250. Nothing has changed since then, and Pruneda's new motion is also untimely. Nonetheless, in an abundance of caution, the Court will proceed to conduct an initial review of the substance of Pruneda's motion.

Pruneda's motion presents a wide assortment of arguments, but all are without merit. Many of them consist of lengthy quotations from cases and secondary sources, with little, if any, connection to the facts of his case. *See, e.g.*, filing 252 at 4. The Court begins with the § 2255 form that Pruneda filled out and attached to his second motion. This form offers an outline and instructions for petitioners to concisely present any grounds for relief they wish to raise. Pruneda has listed three grounds for relief on the form: (1) that there was insufficient evidence to support his conviction; (2) that the trial court improperly admitted certain exhibits which were unfairly prejudicial; and (3) that the trial court erred in finding that he was not a minor participant for purposes of sentencing. Filing 254 at 4–7. While Pruneda did not support these contentions with any argument or explanation, the Court understands the gist of his claims, because Pruneda has already raised each of these arguments in his direct appeal to the Eighth Circuit. *United States v. Pruneda*, 518 F.3d 597 (8th Cir. 2008). The Court of Appeals rejected each. *Id.* And, with exceptions not applicable here, petitioners may not use § 2255 to relitigate claims which have been raised and decided on direct appeal. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc).

The remainder of Pruneda's filings consist of approximately 30 pages of rambling arguments regarding a variety of claimed errors at his trial. His arguments appear primarily to fall within the a claim of ineffective assistance of counsel. To the extent that Pruneda is attempting to raise any claims other than ineffective assistance of counsel that he did not raise on direct appeal (and the Court perceives only a handful), those claims are barred by procedural default. *See United States v. Moss*, 252 F.3d 993, 1000

---

[1] *Day* involved a state habeas petition, but there is no reason that the same rule should not apply to federal habeas petitions. *See, e.g.*, *United States v. Ryan*, 513 Fed. Appx. 770 (10th Cir. 2013).

- 3 -

(8th Cir. 2001). There are exceptions to the bar of procedural default, *see id.*, but Pruneda has not alleged facts which would implicate these exceptions.[2]

To establish a claim of ineffective assistance of counsel, Pruneda must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance claim under either *Strickland* prong. For example, if prejudice is not shown, the Court need not determine whether counsel's performance was deficient. *Id.* at 697. Pruneda claims that his counsel was ineffective in a variety of ways. The Court has reviewed each of Pruneda's arguments, and finds each to be without merit. The Court does not find it necessary to separately discuss each argument in this Memorandum and Order, and will only expressly address a few of them.

Pruneda notes that his attorney, as an officer of the courts, owed a duty to the Court above and beyond the duties he owed to Pruneda. *See, e.g.*, *State ex rel. Nebraska State Bar Ass'n v. Jensen*, 105 N.W.2d 459, 466 (Neb. 1960). And, Pruneda asserts, this rendered his counsel per se ineffective. Filing 252 at 1–2. But Pruneda has failed to identify any specific way in which his attorney's duty to the Court hampered his performance or interfered with his faithful representation of Pruneda. This argument is without merit.

Pruneda next asserts that his counsel failed to advise him of his right to file a writ of certiorari; and failed to send him a form to do so after the direct appeal was denied. And he claims that he was unaware that his counsel was not going to file for a writ. Filing 254 at 12. Even if this were true, it would not show ineffective assistance of counsel. That is because a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. *See Ross v. Moffitt*, 417 U.S. 600 (1974). And where there is no right to counsel, there cannot be constitutionally ineffective assistance of counsel. *See, Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008).

As best as the Court can tell, Pruneda's next argument is that the evidence was insufficient to support his conviction because while his co-defendant's fingerprints were found on various quantities of drugs and a short-barreled shotgun, Pruneda's fingerprints were not. Filing 252 at 3. Similarly, Pruneda points to the fact that law enforcement did not conduct a controlled buy with him. Filing 252 at 5. He argues that this shows "ineffective assistance of error [sic] which prejudiced Mr. Pruneda of [sic] due process of law required by his Fifth Amendment Right [sic]." Filing 252 at 3.

---

[2] Pruneda's claims of ineffective assistance of counsel are not subject to this procedural default, and are properly before this Court in the first instance. *See Massaro v. United States*, 538 U.S. 500 (2003).

- 4 -

The Court does not understand how this lack of evidence shows that Pruneda's counsel was ineffective. And to the extent Pruneda seeks to attack the sufficiency of the evidence supporting his conviction, he has already done so, and lost. For that matter, in order to obtain a conviction, it was not necessary to show Pruneda's fingerprints on anything, let alone catch him in a controlled buy.

Pruneda claims that his counsel never advised him of the nature of the charges against him or that he had the right to present witnesses for his defense. Filing 252 at 3, 7–8; filing 254 at 17. But he does not identify any witnesses he would have offered, but did not, or what testimony they might have provided. Nor does Pruneda claim, for example, that he would have presented a different defense.

The remainder of Pruneda's ineffective assistance claims follow a similar pattern: they state an alleged violation in the vaguest of terms, but do not explain what, if anything, actually went wrong in his case. For example, he claims that his counsel (and the Court) were not "alert" to "factors that may [have] undermine[d] the fairness of the fact[-]finding process." Filing 252 at 5. But he does not identify what factors he refers to, nor how these undermined the fact-finding process. Similarly, Pruneda claims that his counsel failed to conduct sufficient investigation into his case. *See* filing 252 at 12. But Pruneda does not reveal what any additional investigation would have uncovered, nor does he explain how it would have made a difference in his case. In sum, Pruneda has shown neither deficient performance by his counsel, nor any prejudice in his conviction or sentence.

As noted above, Pruneda has also raised a number of claims not based on his counsel's allegedly ineffective assistance. As noted above, these claims are all subject to procedural default. But even if they were not, they are without merit. For example, Pruneda asserts that the Court failed to comply with Fed. R. Crim. P. 11 by ensuring that he understood the nature of the charges against him. Filing 254 at 20–21. But by its terms, Rule 11 does not apply, as Pruneda did not plead guilty. *See*, Fed. R. Crim. P. 11(b); *United States v. Martinez-Guido*, 44 Fed. Appx. 52 (8th Cir. 2002). And Pruneda's other argument are equally without merit.

### III. CONCLUSION

The Court has completed its initial review of Pruneda's § 2255 motion. The files and records conclusively establish that Pruneda's claims are without merit, and the Court finds that his motion should be denied. Accordingly,

IT IS ORDERED:

1. Pruneda's § 2255 motion (filing 252, supplemented by filing 254) is denied;

2. A separate judgment will be entered; and

3. The Clerk is directed to mail a copy of this memorandum and order to Pruneda at his address of record.

Dated this 14th day of January, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge